**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

G. WAYNE FREEMAN AND KAREN FREEMAN                                    PLAINTIFFS

V.                                                           CIVIL ACTION NO. 3:04-cv-981WS

CAC FINANCIAL, INC., FIRST CREDIT SERVICES,
INC., D/B/A STANLEY WEINBERG & ASSOCIATES,
MONOGRAM CREDIT CARD BANK OF GEORGIA,
WAL-MART STORES, INC., D/B/A SAM'S CLUB,
AND BANK ONE, DELAWARE, N.A., F/K/A FIRST
USA BANK, N.A.                                                                            DEFENDANTS

**ORDER**

Before this court is the motion of the defendants, Monogram Credit Card Bank of Georgia ("Monogram") and Sam's East, Inc., ("Sam's") asking this court to dismiss this lawsuit for failure to state a claim for which relief can be granted. Defendants filed their motion pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure. According to these last two remaining defendants,[2] the plaintiffs' complaint accuses them of having violated the Fair Debt Collection Practices Act (the FDCPA), Title 15

---

[1] Rule 12(b)(6) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted, ... ."

[2] These defendants note that the plaintiffs originally filed this lawsuit on October 26, 2004, designated as Civil Action No. 3:04-CV-00880BN, and that on November 22, 2004, Judge William H. Barbour, Jr., ordered dismissal of all claims in that case without prejudice. The case was closed. Monogram and Sam's now say, and the plaintiffs agree, that they are the only defendants remaining in the current action.

U.S.C. 1692[3] *et seq.*, which was enacted by Congress in 1977 to prohibit abusive debt collection practices by debt collectors.[4] Defendants' motion argues that the plaintiffs have failed to state a claim against them, either Monogram or Sam's, because neither defendant qualifies as a "debt collector" as that term is defined by statute. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Title 15 U.S.C. § 1692a(6).

Defendants assert that, instead of their collecting their own indebtednesses, Monogram employed the services of a third-party debt collector, CAC Financial, Inc. (CAC). This relationship, say defendants, insulate them from the thrust of plaintiffs' claims under the FDCPA couched in vicarious liability. According to defendants, the plaintiffs already have settled with CAC, have been compensated for CAC's alleged wrongdoing, and now are attempting to take a second bite of the apple by seeking a recovery from two parties who are not debt collectors and who fall outside of the realm of the FDCPA. So, the defendants ask this court to grant their motion to dismiss.

Commencing with Paragraph 35 of their complaint, the plaintiffs, G. Wayne Freeman and Karen Freeman, say they have asserted violation of state law and

---

[3]The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." Title 15 U.S.C. § 1692(e).

[4]The plaintiff also cites the Fair Credit Reporting Act, Title 15 U.S.C. §§ 1681-1681u (FCRA), but no additional claims are raised pursuant to this statute.

common law, infliction of emotional distress, and that they make specific reference to CAC Financial acting as an agent "for those from whom debts are referred to them for third-party debt collection action." Plaintiffs next point to Paragraphs 48 and 49 of their complaint wherein they say they have raised claims against Monogram and Sam's based on negligence and agency, not the FDCPA. The plaintiffs admit that while the FDCPA may not be applied directly to Monogram or Sam's since neither ever acted as a third-party debt collector in this case,[5] these two defendants selected who would act in that capacity for the collection of the plaintiffs' debt. Based on their claim of common law negligence that the defendant has a duty to exercise care in selecting, instructing and supervising the third-party debt collectors, and based on their claim that these defendants were negligent in their hiring and supervision of CAC Financial to collect the plaintiffs' debt, the plaintiffs contend that they have asserted enough pursuant to the requirements of notice pleading to preserve their complaint in this court, and that the case should not be dismissed.

## STANDARD FOR DISMISSAL

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[5]This language certainly indicates the plaintiffs' agreement that Monogram and Sam's have not acted as debt collectors in this case and have no liability to the plaintiffs based on the FDCPA.

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d (2002). When reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). When ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## **ANALYSIS**

Congress enacted the FDCPA, stating that its purpose was to "eliminate abusive debt collection practices by *debt collectors* (emphasis added)." *See* Title 15 U.S.C. § 1692(e); thus, under the Act, creditors, those persons or entities who extended the credit in the first instance and who seek to collect their own debts, are

4

not subject to the provisions of the FDCPA.  *See Pettit v. Retrieval Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000);  *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir. 1998).  Moreover, the authority addressing the question of vicarious liability holds that a creditor who hires a debt collector is not vicariously liable for the collector's FDCPA violations.  *See Wadlington v. Credit Acceptance Corporation*, 76 F.3d 103, 108 (6th Cir. 1996) (one of the most cited Circuit Court decisions on this point); and *Gary v. Goldman & Co.*, 180 F. Supp. 2d 668 (E.D. Pa. 2002) (recognizing vicarious liability only among debt collectors).

      The plaintiffs respond that they are not relying on the FDCPA as the basis for their claims in this lawsuit.  The plaintiffs defend their claims by asserting vicarious liability under the theory of agency, and also claims couched in state common law such as general negligence in hiring the collection agent.  Plaintiffs argue that if CAC was the agent of Monogram and Sam's, then Monogram and Sam's could be found liable under Mississippi law, given the requisite control over CAC's operations.  Plaintiffs cite a district court decision in New York which, as they assert, squarely addresses this issue of a creditor's liability for the collector's conduct. The case is *Colorado Capital v. Owens*, 227 F.R.D 181 (D.C. E.D.NY. 2005).  In *Owens* the district court held that, "[i]f [the creditor] stands in an agency relationship with the debt collection firms it hires, it can be held liable to [the debtor] for ... negligent acts via the principle of vicarious liability.  The district court also stated that ordinarily if a creditor hires debt collection firms as independent contractors, it will generally not be liable for their negligence;  however, the court noted that this general principle was subject to ...

exceptions. *Id.*, at 188, citing *Becker v. Poling Transp. Corp.*, 356 F.3d 381, 388 (2d Cir. 2004), and *Lawyers Title Insurance Corp. v. Groff*, 148 N.H. 333, 808 A.2d 44, 47-48 (2002).

The exceptions identified by the *Owens* court, particularly in its reference to the *Becker* case, are as follows: (1), a party is liable to an injured plaintiff where the party itself was negligent "in selecting, instructing, or supervising a contractor, citing New York and Second Circuit decisions;[6] and (2), where the agent acts subject to the principal's direction and control, quoting New York and New Hampshire decisions.[7] "The crucial factor, said the *Owens* court, is "the existence of an agency relationship, versus one merely of employer-independent contractor ... ." *Id.*, at 188. According to *Owens*, proof of the agency relationship requires the showing of some control over the actions of the debt collection firms the creditor hires. *Id.*, citing *National Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991).

Mississippi law recognizes, at least in some part, the path which the plaintiffs intend to follow. Mississippi law requires a plaintiff to prove sufficient control by the defendant over the independent contractor in order to sustain a claim of vicarious liability based on agency. *Levine v. Standard Oil Company, Inc.*, 249 Miss. 651, 651, 163 So.2d 750, 751 (1964). A master is liable for the acts of a servant when they are done "in the furtherance of his employer's business, and within the real or apparent

---

[6]See *Kleeman v. Rheingold*, 81 N.Y.2d 270, 598 N.Y.S.2d 149, 614 N.E.2d 712, 715 (1993); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 145 (2d Cir. 2001).

[7]See *In re Shulman Transp. Enters.*, 744 F.2d 293, 295 (2d Cir. 1984); and *Herman v. Monadnock PR-24 Training Council, Inc.*, 147 N.H. 754, 802 A.2d 1187 (2002).

scope of his employment." *Marter v. Scott,* 514 So.2d 1240, 1242 (Miss. 1987). Furthermore, under Mississippi law, if the employer knows or should have known of an employee's propensity for misbehavior, then the employer may be held liable for negligent hiring. *Jones v. Toy*, 476 So.2d 30, 31 (Miss. 1985). Thus, if the plaintiffs in the instant case can show that Monogram and Sam's knew how CAC was conducting itself in the process of collecting their accounts, then, under Mississippi law, there may be a finding of liability.

## CONCLUSION

Therefore, in light of the foregoing authority, this court shall not dismiss the plaintiffs' complaint at this time, particularly when the defendants have not shown beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them relief. The motion to dismiss [**Docket No. 11-1**] is denied. The motions to extend time [**Docket Nos. 14-1, 15-1 and 17-1**] are terminated as moot.

**SO ORDERED** this the 31st day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:04-cv-981WS
Order denying dismissal